## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CULLIGAN INTERNATIONAL, INC.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:13-CV-1085-UNAS-VEH ) |
| **WATER SYSTEMS OF BIRMINGHAM, INC.,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction.**

Plaintiff Culligan International Company ("Culligan") initiated this trademark infringement lawsuit on June 7, 2013. (Doc. 1). Defendant Water Systems of Birmingham, Inc. ("WSB") filed a Motion To Dismiss (Doc. 12) (the "Motion") on July 15, 2013. (Doc. 12).

On August 23, 2013, Culligan filed a Motion for Leave of Court to File Response to Defendant's Motion To Dismiss Out of Time ("Motion for Leave"). (Doc. 13). The court granted Culligan's Motion for Leave by a margin order entered on August 23, 2013. On August 26, 2013, Culligan separately filed in its opposition to the Motion. (Doc. 14).

Accordingly, the Motion is now ready for disposition, and, for the reasons explained below, is **DENIED**.

## II. Rule 12(b)(6) Standard.

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can

2

provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**III.   Analysis.**

    **A.   A Dismissal Premised Upon Culligan's Status As An Alleged Unregistered Foreign Corporation Doing Business in Alabama Is Improper.**

Citing to Ala. Code § 10-2B-15.02(a), WSB maintains that Culligan cannot pursue its trademark claims which allegedly stem from a franchise agreement entered into by the parties in December of 2006 (Doc. 1 at 3 ¶ 9) because Culligan is a foreign corporation that has not qualified to do business in Alabama. (Doc. 12-1 at 1-5). Ala. Code § 10-2B-15.02(a), which was amended and renumbered by the Alabama

3

Legislature by virtue of Act 2009-513, effective January 1, 2011, provides:

> A foreign corporation transacting business in this state without registering as required under Section 10A-1-7.01 or without complying with Chapter 14A of Title 40 may not maintain a proceeding in this state without so registering and complying. <u>All contracts or agreements made or entered into in this state by foreign corporations prior to registering to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement</u>; but nothing in this section shall abrogate the equitable rule that he or she who seeks equity must do equity.

Ala. Code § 10A-2-15.02 (1975) (emphasis added); *see also* Ala. Code §10A-1-7.21(a) (1975) ("A foreign entity transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state.").[1]

---

[1] The court's own legislative research on Westlaw has shown that, effective January 1, 2014, following the ratification of the constitutional amendment proposed by H.B. 357 of the 2012 Regular Session (Act 2012-275), Ala. Code § 10A-2-15.02 will be repealed and an amended version of Ala. Code § 10A-1-7.21 will be in place by virtue of the adoption of H.B. 359 by the Alabama Legislature during the 2012 Regular Session and approved by the governor on May 9, 2012.  *See* 2012 AL H.B. 359, at 1 § 1(a)  (modifying Ala. Code § 10A-1-7.21) (Westlaw image 1 in PDF format) (hereinafter "H.B. 359"); H.B. 359, at 2 § 2 (repealing Ala. Code § 10A-2-15.02); *id.* § 3 (explaining circumstances surrounding H.B. 359's effective date); *id.* at 3 (H.B. 359's approval date by Governor Robert Bentley); *see also* http://revenue.alabama.gov/documents/executive/Current_Enacted_Legislation.pdf (General Revenue Related Acts, 2012, Regular Session) at 4 (last accessed on Aug. 8, 2013).  The amended version of Ala. Code §10A-1-7.21(a) comparably provides that "[a] foreign entity transacting business in this state, except a corporation or other organization formed under federal law, may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." H.B. 359, at

Culligan responds that:

> With or without a franchise agreement between the Parties, Plaintiff's Complaint clearly and unequivocally states claims for trademark infringement and false advertising under the Lanham Act. (Doc. No. 1, Counts I and II alleging violations of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)). With or without a franchise agreement between the parties, Defendant was clearly put on notice of the obligation to de-identify itself and not use Plaintiff's trademarks in violation of the Lanham Act. (Doc. No. 1, Exhibits 1, 2, 3, 4, and 5).

(Doc. 13-1 at 4 ¶ 9);[2] (Doc. 14 at 3 ¶ 9).

The court agrees that Culligan's claims arising under the Lanham Act involve alleged violations of federal law that exist separate and apart from any potential breach of contract claim that might be actionable under Alabama law. Moreover, Culligan has not asserted a breach of contract claim in its complaint. (*See generally* Doc. 1).[3]

Therefore, Culligan's alleged lack of qualifying to do business in Alabama (Doc. 12-1 at 1) does not prevent it from pursuing the federal trademark and false

---

1 § 1(a).

[2] The page references to Doc. 13-1 correspond with the court's CM/ECF numbering system.

[3] Culligan's complaint actually contains three counts: count one is for a preliminary and permanent injunction (Doc. 1 at 7); count two is for federal trademark infringement under the Lanham Act (*id.* at 10); and count three is for federal false advertising under the Lanham Act. (*Id.* at 11).

advertising claims at issue in this lawsuit. Accordingly, the Alabama statutory-based portion of WSB's Motion is **DENIED**.

### B. A Dismissal Premised Upon The *Res Judicata* Doctrine Also Is Inappropriate.

WSB also argues that a dismissal of this case is appropriate on *res judicata* grounds. (Doc. 12-1 at 5-6). As WSB acknowledges in its brief, "[r]*es judicata* stands for the proposition that a final judgment <u>on the merits</u> by a court having jurisdiction is conclusive between the parties to a suit as to all matters that were litigated or that could have been litigated in that suit." (*Id.* at 5 (emphasis by underlining added)); *see also Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) ("For *res judicata* to bar a subsequent case, four elements must be present: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'" (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999))).

In urging the application of this defensive doctrine, WSB relies upon a decision entered by the United District Court for the Northen District of Illinois on April 27, 2011, in another federal trademark action involving Culligan, WSB, Ray W. Carlisle

6

("Mr. Carlisle"),[4] and other parties. (*See generally* Doc. 12-3 (attaching copy of authority)). More specifically, WSB confusingly contends that because "[Mr.] Carlisle has obtained a final judgment on the merits by the United States District Court which had jurisdiction . . . the Illinois court's judgment is conclusive between <u>Carlisle and Culligan</u> as to all matters that were litigated or that could have been litigated in that suit . . . ." (Doc. 12-1 at 6 (emphasis added)).

To the extent that WSB really means that it, as opposed to Mr. Carlisle, has obtained a favorable final judgment on the merits, the court, nonetheless, still concludes that this portion of WSB's Motion is due to be denied. In particular, the attached opinion relied upon by WSB is not a merits-based one. Instead, the ruling is entirely jurisdictional in nature and the dismissal does <u>not</u> constitute a final judgment on any disputed trademark claims. (*See* Doc. 12-3 at 3 ("<u>Defendants' motion to dismiss for lack of personal jurisdiction (9) is granted</u> and the motion to dismiss for improper venue is denied as moot. The case is, therefore, dismissed.") (emphasis added)). Accordingly, the *res judicata* part of WSB's Motion is **DENIED**.

### IV.  <u>Conclusion.</u>

Thus, for the reasons stated herein, the Motion is **DENIED**. WSB shall answer or otherwise respond to the complaint within fourteen (14) days of this order.

---

[4] Notably, Mr. Carlisle is not a party to the litigation pending before this court.

    **DONE** and **ORDERED** this 26th day of August, 2013.

                                                                                      _/s/ VEHopkins_

                                                                                   **VIRGINIA EMERSON HOPKINS**
                                                                                  United States District Judge